# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| Michael Lauer, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-00340-PPS-APR |
| | ) | |
| Dave Kieffer Tile Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The plaintiffs in this matter are trustees to a number of union pension funds. For ease of convenience I refer to them in this Order simply as the "Funds." The Funds filed this action against Dave Kieffer Tile, Inc. and against David J. Kieffer personally under 29 U.S.C. §§ 1132, 1145, and 185, seeking collection of delinquent contributions and deductions owed to the Funds under a collective bargaining agreement. On July 20, 2009, I granted the Funds' motion for default judgment because neither Defendant appeared or answered the Complaint. [DE 11.] On August 20, 2009, the Funds filed a Motion for Proceedings Supplemental Against Defendants, and Magistrate Judge Andrew Rodovich scheduled the hearing. [DE 13; DE 14.] On October 1, 2009, Defendant David J. Kieffer's attorney filed an appearance and a Motion to Set Aside Judgment. [DE 17.] The motion seeks to set aside the judgment against Kieffer personally but not the judgment against his company, Dave Kieffer Tile, Inc. Judge Rodovich cancelled the proceedings supplemental hearing until I resolved the motion to set aside the default judgment. For the following reasons, the motion is DENIED.

Under Rule 60(b)(1), relief from judgment (including a default judgment) may be given for "mistake, inadvertence, surprise, or excusable neglect." By contrast, Federal Rule of Civil

Procedure 55(c) governs relief from a clerk's entry of default. It provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Seventh Circuit has adopted a three-prong test in considering motions to vacate entry of defaults and default judgments which requires a defaulting party to demonstrate: (1) good cause for its default, (2) quick action to correct the entry of default, and (3) a meritorious defense to plaintiff's complaint. *See, e.g., O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993).

The above stated test is the same whether a party is moving to set aside the entry of default under Rule 55(c) or moving to vacate a default judgment under Rule 60(b). *See*, *e.g.*, *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989). Importantly, however, the standard is applied in a more stringent way when a default judgment has been entered. This is sensible because of the importance of "finality" that go along with judgments. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

In the context of a motion to vacate a default judgment, a party must show "something more compelling than ordinary lapses of diligence or simple neglect. . . ." *Id.* In other words, to vacate a default judgment, the defaulting party must surmount a "high hurdle." *Id*. So in contrast to the "liberally applied" test used for Rule 55(c), *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009), relief under 60(b) is an "extraordinary remedy," and only given in "exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Typical reasons held up in this circuit and elsewhere as bona fide excuses under Rule 60(b) include illness, incarceration, and lack of access to legal counsel. *See Jones*, 39 F.3d at 163-64 (collecting cases)(citing *Klapprott v. United States*, 335 U.S. 601 (1949); *United States v. Forty-*

2

*Eight Thousand, Five Hundred Ninety-Five Dollars,* 705 F.2d 909, 913 (7th Cir.1983); *Hicks v. Secretary of the Air Force*, 594 F. Supp. 690, 691 (D.Me.1984)).

Dave Kieffer has failed to show the three requirements permitting relief from default judgment. First, he's failed to show good cause for his default. In his motion to set aside the default judgment, he claims that he did not know that the lawsuit was against him personally, just his company. [DE 18-3.] I'm not persuaded that this constitutes good cause for default. First off, he provides no reason why the format and service of the complaint would not indicate that he was personally involved in this suit. He and Dave Kieffer Tile, Inc. were served separately with the Complaint on December 8, 2008. [DE 5; DE 6.] One summons was addressed to "David J. Kieffer," and the other was addressed to "David J. Kieffer, Reg. Agent, Dave Kieffer Tile, Inc." The receipt of two complaints – one directed to Kieffer personally and one to Kieffer as a registered agent – should have made it clear that there were two defendants. Beyond that, it is clear that Kieffer was aware of the lawsuit because he actually contacted the Funds to resolve this matter in March 2009, making a payment afterwards. [DE 21-2, at 3.]

If the service of two complaints did not indicate that he was personally involved, the Complaint itself should have. The caption of the Complaint lists the Company and Kieffer as Defendants. [DE 1, at 1.] In the body of the Complaint, the Plaintiffs distinguished between the Defendants, addressing the Company as "Dave Kieffer Tile," and Kieffer individually as "David J. Kieffer." And three counts in the Complaint named Kieffer alone – not the Company. [DE 1, at 8-10.] Thus there was a clear distinction between the two Defendants.

Kieffer states in his affidavit that he did not realize that he was personally involved in the matter, and that the Company is "subject to other, similar suits involving union wages and benefits, in which I am not named a party." [DE18-3, at 2.] But the fact that he realizes that he

*Eight Thousand, Five Hundred Ninety-Five Dollars,* 705 F.2d 909, 913 (7th Cir.1983); *Hicks v. Secretary of the Air Force*, 594 F. Supp. 690, 691 (D.Me.1984)).

Dave Kieffer has failed to show the three requirements permitting relief from default judgment. First, he's failed to show good cause for his default. In his motion to set aside the default judgment, he claims that he did not know that the lawsuit was against him personally, just his company. [DE 18-3.] I'm not persuaded that this constitutes good cause for default. First off, he provides no reason why the format and service of the complaint would not indicate that he was personally involved in this suit. He and Dave Kieffer Tile, Inc. were served separately with the Complaint on December 8, 2008. [DE 5; DE 6.] One summons was addressed to "David J. Kieffer," and the other was addressed to "David J. Kieffer, Reg. Agent, Dave Kieffer Tile, Inc." The receipt of two complaints – one directed to Kieffer personally and one to Kieffer as a registered agent – should have made it clear that there were two defendants. Beyond that, it is clear that Kieffer was aware of the lawsuit because he actually contacted the Funds to resolve this matter in March 2009, making a payment afterwards. [DE 21-2, at 3.]

If the service of two complaints did not indicate that he was personally involved, the Complaint itself should have. The caption of the Complaint lists the Company and Kieffer as Defendants. [DE 1, at 1.] In the body of the Complaint, the Plaintiffs distinguished between the Defendants, addressing the Company as "Dave Kieffer Tile," and Kieffer individually as "David J. Kieffer." And three counts in the Complaint named Kieffer alone – not the Company. [DE 1, at 8-10.] Thus there was a clear distinction between the two Defendants.

Kieffer states in his affidavit that he did not realize that he was personally involved in the matter, and that the Company is "subject to other, similar suits involving union wages and benefits, in which I am not named a party." [DE18-3, at 2.] But the fact that he realizes that he

*Eight Thousand, Five Hundred Ninety-Five Dollars,* 705 F.2d 909, 913 (7th Cir.1983); *Hicks v. Secretary of the Air Force*, 594 F. Supp. 690, 691 (D.Me.1984)).

Dave Kieffer has failed to show the three requirements permitting relief from default judgment. First, he's failed to show good cause for his default. In his motion to set aside the default judgment, he claims that he did not know that the lawsuit was against him personally, just his company. [DE 18-3.] I'm not persuaded that this constitutes good cause for default. First off, he provides no reason why the format and service of the complaint would not indicate that he was personally involved in this suit. He and Dave Kieffer Tile, Inc. were served separately with the Complaint on December 8, 2008. [DE 5; DE 6.] One summons was addressed to "David J. Kieffer," and the other was addressed to "David J. Kieffer, Reg. Agent, Dave Kieffer Tile, Inc." The receipt of two complaints – one directed to Kieffer personally and one to Kieffer as a registered agent – should have made it clear that there were two defendants. Beyond that, it is clear that Kieffer was aware of the lawsuit because he actually contacted the Funds to resolve this matter in March 2009, making a payment afterwards. [DE 21-2, at 3.]

If the service of two complaints did not indicate that he was personally involved, the Complaint itself should have. The caption of the Complaint lists the Company and Kieffer as Defendants. [DE 1, at 1.] In the body of the Complaint, the Plaintiffs distinguished between the Defendants, addressing the Company as "Dave Kieffer Tile," and Kieffer individually as "David J. Kieffer." And three counts in the Complaint named Kieffer alone – not the Company. [DE 1, at 8-10.] Thus there was a clear distinction between the two Defendants.

Kieffer states in his affidavit that he did not realize that he was personally involved in the matter, and that the Company is "subject to other, similar suits involving union wages and benefits, in which I am not named a party." [DE18-3, at 2.] But the fact that he realizes that he

was not involved personally in the other suits indicates that he can tell the difference between suits where he is personally involved, and those where he isn't. At bottom, simply stating that he did not know he was personally involved is insufficient to show cause under the exacting standard of Rule 60(b)(1).

Mr. Kieffer also fails to show quick action, the second requirement to set aside a default judgment. Kieffer claims that he "initiated immediate action" when he learned that the judgment was against him personally. [DE 18, at 4.] But he doesn't provide a time frame describing when he learned that the action was against him and when he took action. Based on everything that has been filed in this matter, Kieffer received the Complaint on November 24, 2008; the default judgment was entered on July 20, 2009; the Plaintiffs filed a motion for supplemental proceedings on August 20, 2009; and Kieffer filed this motion on October 1, 2009. Thus, Kieffer let ten months pass between the time that he was served with the complaint, and the time that he responded at all to this action. [DE 5; DE 6; DE 17.] And he let over three months pass between the time that default judgment was entered and when he responded. Beyond claiming that he "immediately sought legal counsel" when he learned that the suit involved him, he provides no explanation for this delay. Because I am unconvinced he was unaware of this suit, I am also unconvinced that he responded quickly to correct the entry of default.

Finally, David Kieffer does not allege a meritorious defense. Kieffer's argument that he has a meritorious defense is that there is no valid claim against him individually because the Complaint does not state proper facts to pierce the corporate veil. [DE 18.] Kieffer is wrong because the Complaint alleges that Kieffer "acted in bad faith and/or engaged in presumptive or actual fraud or is an alter ego, successor, disguised continuance or single employer with respect to Defendant Dave Kieffer Tile, Inc." [DE 1, at 8.]; *see National Soffit & Escutcheons, Inc. v.*

4

*Superior*, 98 F.3d 262, 265 (7th Cir. 1996); *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). These are all allegations that are sufficient to show that the corporate shield of Dave Kieffer Tile, Inc. should be pierced. What's more, Kieffer's motion to set aside the default judgment does not provide a convincing defense that the corporate formalities were followed. All that Kieffer submits is his affidavit where he states that he did not commingle funds, that he held annual meetings, and that he maintained a corporate book. [DE 18-3, at 2.] Simply stating that the formalities were followed is not a meritorious defense; a meritorious defense requires a developed legal and factual basis for the defense. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). And even if that were sufficient, he has fallen short of fulfilling the other requirements to vacate the default judgment. *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (stating that a court "need not pause long on the issue of a meritorious defense. Even if one exists, standing alone, it cannot excuse carelessness.").

Mr. Kieffer provided no excuse for his failure to participate in this lawsuit. His claim that he did not know he was personally involved in the suit does not establish good cause for defaulting, and he has not shown that he took quick action to correct the default or that he has a meritorious defense. Accordingly, Defendant Dave Kieffer's Motion to Set Aside Default Judgment is **DENIED**.

**SO ORDERED**.

ENTERED: January 29, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT